1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10

11   MICHAEL BURROUGHS,

12              Plaintiff,                        No. 2:12-cv-2905 AC P

13        vs.

14   J.V. SINGH, et al.,

15              Defendants.                       <u>ORDER</u>

16   _____/

17              Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant

18   to 42 U.S.C. § 1983 together with a request for leave to proceed in forma pauperis pursuant to

19   28 U.S.C. § 1915.  Plaintiff has consented to the jurisdiction of the undersigned.  ECF No. 4.

20              Plaintiff's complaint alleges violations of the Americans with Disabilities Act

21   (The "ADA"), the Rehabilitation Act (the "RA"), and the First, Fourth, Fifth, and Fourteenth

22   Amendments of the U.S. Constitution.  Plaintiff names the California Department of Corrections

23   and Rehabilitation ("CDCR"), as well as nine individual employees of the CDCR, as defendants.

24   Plaintiff sues the individual defendants in their official capacity.

25              For the reasons outlined below, plaintiff's complaint states a colorable claim

26   against CDCR for violations of the ADA and the RA only.  All remaining claims against the

1

CDCR, as well as all claims against the individual defendants, will be dismissed with leave to amend.

### *Motion to Proceed in Forma Pauperis*

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff is assessed an initial partial filing fee of 20 percent of the greater of (a) the average monthly deposits to plaintiff's trust account; or (b) the average monthly balance in plaintiff's account for the 6-month period immediately preceding the filing of this action.  28 U.S.C. § 1915(b)(1).  Upon payment of that initial partial filing fee, plaintiff will be obligated to make monthly payments in the amount of twenty percent of the preceding month's income credited to plaintiff's trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

### *The Complaint*

### Screening Requirements

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.

2

1  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

2  inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

3  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

4       A complaint must contain more than a "formulaic recitation of the elements of a

5  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

6  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading

7  must contain something more...than...a statement of facts that merely creates a suspicion [of] a

8  legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and

9  Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual

10  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal,

11  556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility

12  when the plaintiff pleads factual content that allows the court to draw the reasonable inference

13  that the defendant is liable for the misconduct alleged."  Id.

14       In reviewing a complaint under this standard, the court must accept as true the

15  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

16  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

17  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

18                 Summary of the Complaint

19       Plaintiff appears to raise his claims under the Americans with Disabilities Act (the

20  "ADA"), the Rehabilitation Act (the "RA"), and the First, Fourth, Fifth, and Fourteenth

21  Amendments of the Constitution.  ECF No. 1 at 1, 3. 7.  Plaintiff alleges that he is a diabetic and

22  is legally blind, and that defendants have retaliated against him by removing his ADA

23  designation and by preventing him from taking Braille classes after he filed complaints against

24  defendants Crosson, Tan, and Ditomas.

25       Plaintiff names as defendants the California Department of Corrections and

26  Rehabilitation ("CDCR"), as well as nine individual employees of the CDCR.  Plaintiff seeks to

1  sue the individuals in their official capacity.

2          Plaintiff generally alleges that the "on-going retaliation and reprisal . . . has had

3  an adverse effect on [his] welfare physically and mentally . . . ." ECF No. 1 at 7.  Plaintiff further

4  claims that he has suffered mental injuries including "on-going frustration and anxiety." Id. at 8.

5  Plaintiff seeks compensatory and punitive damages, "declaratory judgment," and unnamed

6  injunctive relief.  Id. at 8.

7          *Analysis*

8          Plaintiff's complaint states a claim for relief under the ADA and the RA against

9  the CDCR only.  Plaintiff's remaining claims against the CDCR, and all claims against the

10  individual defendants, are not currently colorable and must be dismissed with leave to amend.

11          *The Complaint is Vague*

12          The Civil Rights Act under which this action was filed provides as follows:

13          Every person who, under color of [state law] . . . subjects, or
           causes to be subjected, any citizen of the United States . . . to the
14          deprivation of any rights, privileges, or immunities secured by the
           Constitution . . . shall be liable to the party injured in an action at
15          law, suit in equity, or other proper proceeding for redress.

16  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

17  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

18  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

19  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

20  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

21  omits to perform an act which he is legally required to do that causes the deprivation of which

22  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

23          In the current complaint, plaintiff offers a statement of facts, as well as 91 pages

24  of exhibits.  He alleges generally that his rights have been compromised by defendants, but fails

25  to link any action of any particular defendant to the deprivation of a federal or constitutional

26  right.  For example, plaintiff claims that defendants "have failed to make reasonable

4

1   modifications in their policies, practices, or procedures in order to avoid discrimination. . . ."

2   and that they "willfully falsified records and State reports in retaliation against plaintiff for

3   exercising his Rights under ADA that had an adverse effect. . . ."  ECF No. 1 at 3.

4          It is insufficient for plaintiff to make general allegations about deprivations

5   visited by the defendants, and then to refer the court to more than 90 pages of exhibits for

6   specific information.  See ECF No. 1 at 7 ("In accordance with all materials evidence, 'the

7   medical record,' submitted herein, clearly demonstrates an on-going retaliation and reprisal

8   against plaintiff . . . .")  It is also insufficient for plaintiff to provide, as he does, a generic list of

9   Constitutional violations.  See id. at 8 ("Plaintiff sustained these injuries in violation of

10  plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments. . . .")

11         Plaintiff also fails to specify what injunctive relief he seeks from the court.  Id.

12  Absent such information, the court is unable to determine, for instance, whether the court has

13  jurisdiction over the claims.

14         Plaintiff is required, pursuant to Federal Rule of Civil Procedure 8, to provide the

15  court with a short and plain statement of his claims, identifying who did what and why such

16  actions entitle him to relief.  He must also advise the court precisely what remedy he seeks as

17  injunctive and/or declaratory relief.

18              *Individual Defendants Are Sued Only in Their Official Capacity*

19         Plaintiff sues the nine individual CDCR employee defendants in their official

20  capacity only.  Official-capacity suits filed against state officials are merely an alternative way of

21  pleading an action against the entity of which the defendant is an officer.  Haler v. Melo, 502

22  U.S. 21, 25 (1991).  As explained below, the Eleventh Amendment prohibits monetary damages

23  actions against state officials sued in their official capacity.  Will v. Michigan Dept. of State

24  Police, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is

25  not a suit against the official but rather is a suit against the official's office" and is barred by the

26  Eleventh Amendment).  Because plaintiff has not specified the injunctive or declaratory relief he

5

1  seeks, the court cannot determine if plaintiff's claims for such relief against the individual

2  defendants are barred by the Eleventh Amendment.

3  *Eleventh Amendment*

4  The Eleventh Amendment bars federal suits for violations of federal law pursuant

5  to 42 U.S.C. § 1983 against a state, its agencies or its departments for legal or equitable relief,

6  unless the state consents to suit or waives its immunity.  Papasan v. Allain, 478 U.S. 265, 276

7  (1986).  The Eleventh Amendment bars federal suits for violations of federal law against state

8  officials sued in their official capacities for damages and other retroactive relief.  Quern v.

9  Jordan, 440 U.S. 332, 337 (1979);  Pena v. Gardener, 976 F.2d 469, 472 (9th Cir.1992).

10  The Eleventh Amendment does not bar federal suits against state officers sued in

11  their official capacities for prospective relief based on an ongoing violation of plaintiff's federal

12  constitutional or statutory rights.  Ex Parte Young, 209 U.S. 123, 159-60 (1908);  Central

13  Reserve Life of North America Ins. Co., 852 F.2d 1158, 1161 (9th Cir.1988).

14  Congress may abrogate this immunity, and has in fact done so in the ADA.  See

15  Tennessee v. Lane, 541 U.S. 509, 517-18 (2004);  Phiffer v. Columbia River Correctional

16  Institute, 384 F.3d 791, 792 (9th Cir. 2004) (also noting that state waives Eleventh Amendment

17  immunity under Rehabilitation Act by accepting federal funds).

18  However, Congress has not abrogated the states' immunity for suits under 42

19  U.S.C. § 1983.  See Quern, 440 U.S. at 344-45.  Accordingly, as a general rule, states cannot be

20  sued in federal court for violating § 1983. The Eleventh Amendment likewise, in general, bars

21  suits for damages against state officials in their official capacities, because such a suit is in effect

22  one against the state.  Kentucky v. Graham, 473 U.S. 159, 165-66 (1985).

23  Eleventh Amendment immunity also is consistent with the general rule that

24  "states or governmental entities that are considered 'arms of the State' for Eleventh Amendment

25  purposes are not 'persons' under § 1983."  Doe v. Lawrence Livermore National Laboratory, 131

26  F.3d 836, 839 (9th Cir.1997) (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989).

*Title II of the ADA*

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  Accordingly, for a Title II claim, such as the one plaintiff appears to make here, the proper defendant is an entity and not a natural person.  See, e.g., Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002) (plaintiffs may not sue officials in the official's individual capacity for ADA/RA violations);  Roundtree v. Adams, 2005 WL 3284405, *8 (E.D. Cal. Dec. 1, 2005).

However, the Ninth Circuit has held that, consistent with Ex parte Young, infra, a plaintiff may proceed under the ADA against an individual sued in his or her official capacity where the relief sought is prospective injunctive relief only.  See Miranda B. v. Kitzhaber, 328 F.3d 1181, 1189 (9th Cir. 2003).

In this case, plaintiff has sought money damages as well as unspecified injunctive and declaratory relief.  Plaintiff has not articulated what specific injunctive and declaratory relief he seeks.  A successful suit could therefore impose upon the state a monetary loss resulting from a past breach of a legal duty on the part of the defendant state officials.  See Miranda B., 328 F.3d at 1189.  Plaintiff's official capacity claims against the individual CDCR employees should accordingly be dismissed with leave to amend.

*Violations of the First, Fourth, Fifth, and Fourteenth Amendments*

Plaintiff's claims for constitutional violations made pursuant to 42 U.S.C. § 1983 are not colorable.

Plaintiff may not sue the CDCR under § 1983, because the CDCR is a state agency and therefore immune under the Eleventh Amendment.  In addition, state agencies are not "persons" under § 1983.  Plaintiff also may not proceed against the individual defendants, because he has sued them in their official capacity and has not articulated, specifically, the

1   prospective injunctive an declaratory relief he seeks.  Accordingly, plaintiff's claims of

2   constitutional violations under § 1983 are dismissed with leave to amend against the individual

3   defendants.

4                    *Conclusion*

5                    Plaintiff's complaint will be dismissed with leave to amend.  See 42 U.S.C.

6   § 1997e(c).  If plaintiff chooses to amend the complaint, he must demonstrate how the conditions

7   complained of have resulted in a deprivation of his constitutional rights.  See Ellis v. Cassidy,

8   625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named

9   defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some

10  affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo

11  v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v.

12  Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of

13  official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents,

14  673 F.2d 266, 268 (9th Cir. 1982).

15                    In addition, plaintiff is informed that the court cannot refer to a prior pleading in

16  order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

17  complaint be complete in itself without reference to any prior pleading.  This is because, as a

18  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

19  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

20  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

21  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

22                    Accordingly, IT IS HEREBY ORDERED that:

23                    1. Plaintiff's request to proceed in forma pauperis (Doc. No. 2) is granted;

24                    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

25  All fees shall be collected and paid in accordance with this court's order to the Director of the

26  California Department of Corrections and Rehabilitation filed concurrently herewith.

1        3.  The complaint is dismissed for the reasons discussed above, with leave to file

2   an amended complaint within twenty-eight days from the date of service of this order.  Failure to

3   file an amended complaint will result in the action proceeding on plaintiff's ADA/RA claim

4   against the CDCR only.

5   DATED: February 21, 2013.

6

7                                    ALLISON CLAIRE
                                     UNITED STATES MAGISTRATE JUDGE
8

9
    AC:rb/burr2905.B
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26